IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANIKA MAIDEN, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No. 3:25-cv-0101-L |
| | § |
| A.W. BROWN LEADERSHIP | § |
| ACADEMY aka IDEA A.W. BROWN, | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**

Before the court are Defendant A.W. Brown Leadership Academy's Motion to Dismiss Pursuant to Rule 12(b)(5) and Brief in Support (Doc. 9), filed June 3, 2025; and nonparty IDEA Public Schools' Motion to Dismiss Pursuant to Rules 12(b)(4) and 12(b)(6) and Brief in Support (Doc. 11). After considering the pleadings, legal briefing, record, and applicable law, the court **grants** Defendant A.W. Brown Leadership Academy's Motion to Dismiss Pursuant to Rule 12(b)(5) to the extent set forth below, and **denies as moot** nonparty IDEA Public Schools' Motion to Dismiss Pursuant to Rules 12(b)(4) and 12(b)(6).

I.   **Factual and Procedural Background**

On January 14, 2025, Plaintiff filed this civil action alleging that her former employer, A.W. Brown Leadership Academy ("Defendant"), discriminated and retaliated against her based on age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and violated her constitutional rights in violation of 42 U.S.C. § 1983. *See generally* Compl., Doc. 1. In the caption, she lists "A.W. Brown Leadership Academy AKA IDEA A.W. Brown" as the sole Defendant. Doc. 1 at 1. In the opening paragraph, she seeks damages in connection with her employment termination against "IDEA A.W. Brown (hereinafter A.W[.] Brown)". *Id.* She

Memorandum Opinion and Order – Page 1

names the "Defendant" as "A.W. Brown, (A.K.A. Idea A.W. Brown)". *Id.* ¶5. She names the Defendant as "A.W. Brown" several times throughout the Complaint. *Id.* ¶¶ 4, 27-28.

The docket sheet reflects that Plaintiff has requested multiple summonses. On January 15, 2025 (the day after suit was filed), the original summons was created naming as addressee "A.W. Brown Leadership Academy, also known as Idea AW Brown." *See* Original Summons, Doc. 4. No address appeared on the citation. *See id.* More than three months later, on April 21, 2025, Plaintiff filed requests for two different summonses. For the first addressee, as "Defendant's name and address," Plaintiff listed "Ms. Shenikwa Cager, A.W. Brown Immediate Past Interim Superintendent, 5701 Red Bird Center Drive, Dallas, Texas 75237." *See* Doc. 6 at 1. For the second, Plaintiff listed "Dr. Jeffrey Cottrill, Idea Public Schools, 2115 W. Pike Blvd. Weslaco, Texas 78596." *See* Doc. 7 at 1. On May 7, 2025, the executed Original Summons was returned as to A.W. Brown Leadership Academy, but with the proof of service reflecting service on IDEA Public Schools via "Jazmin Vazquez," whom the process server states is "designated by law to accept service of process on behalf of Jeffrey Cottrill Idea Public Schools […] on 05/05/2025 at 9:33 am." *See* Doc. 8 at 2.

On June 3, 2025, Defendant filed its Motion to Dismiss Pursuant to Rule 12(b)(5), requesting the court dismiss the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5) for lack of proper service. Plaintiff has not responded to Defendant's arguments seeking dismissal under Rule 12(b)(5).[*]

**II.    Legal Standard**

To complete service of process in federal court, a plaintiff must first present a summons to the clerk of the court for signature and seal, which the clerk in turn "must sign, seal, and issue . . .

---

[*] Plaintiff has filed a response brief, but it only addresses nonparty IDEA Public Schools' Motion to Dismiss Pursuant to Rules 12(b)(4) and 12(b)(6). *See* Doc. 14.

**Memorandum Opinion and Order – Page 2**

to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). Upon issuance of the federal summons, a plaintiff must serve the summons and original complaint in accordance with Federal Rule of Civil Procedure 4(e). Rule 4(m) further requires that service be effected within 90 days after the case is filed:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff —must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). If a plaintiff fails to comply with Rule 4, a defendant may seek to dismiss the plaintiff's claims under Rules 12(b)(4) or (5). *See generally* Fed. R. Civ. P. 12(b).

Defendant A.W. Brown Leadership Academy contends that Plaintiff has not served it but instead has served a different entity that is not a party to this lawsuit, namely IDEA Public Schools. Defendant's Motion is, thus, one for dismissal under Rule 12(b)(5). *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. Supp. 2010) (explaining that "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons," whereas, a Rule 12(b)(5) motion addresses "the mode of delivery or the lack of delivery of the summons and complaint.").

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (citation omitted). Moreover, a plaintiff, "must make a showing of good faith and establish some reasonable

**Memorandum Opinion and Order – Page 3**

basis for noncompliance within the time specified." *Id.* (citations and internal quotation marks omitted). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, [it] must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citation omitted). A discretionary extension may be warranted under circumstances when, for example, "the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citation omitted).

### III.     Analysis

As noted, Defendant contends in its Motion that Plaintiff has yet to serve it. The docket sheet confirms that on May 7, 2025, Plaintiff filed an executed summons reflecting it was returned as to A.W. Brown Leadership Academy, but with the proof of service reflecting service on IDEA Public Schools via "Jazmin Vazquez," whom the process server states is "designated by law to accept service of process on behalf of Jeffrey Cottrill Idea Public Schools […] on 05/05/2025 at 9:33 am." *See* Doc. 8 at 2. Service to an entity other than Defendant is insufficient or ineffective for purposes of service of process. Further, Plaintiff has not responded to Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5). *See supra* note *. In not responding, Plaintiff has failed to meet her burden of proving the validity of any attempted service. She has also failed to establish any good cause for such failure. Nevertheless, the court, in the exercise of its discretion, will give Plaintiff an additional thirty days to serve A.W. Brown Leadership Academy.

## IV.     Conclusion

Based on the foregoing, the court **grants** Defendant A.W. Brown Leadership Academy's Motion to Dismiss Pursuant to Rule 12(b)(5) (Doc. 9) but, rather than dismiss this matter, the court will allow Plaintiff until **April 13, 2026**, to effect service of the Complaint on Defendant A.W. Brown Leadership Academy. In the event Plaintiff fails to effect service by April 13, 2026, or fails to show good cause why she cannot effect service by this date, the court will dismiss without prejudice this civil action under Fed. R. Civ. P. 4(m). Further, as IDEA Public Schools is not a party to this case, the court lacks personal jurisdiction over it and, accordingly, **denies as moot** IDEA Public Schools' Motion to Dismiss Pursuant to Rules 12(b)(4) and 12(b)(6) (Doc. 11).

**It is so ordered** this 13th day of March, 2026.

Sam A. Lindsay
United States District Judge