IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANIKA MAIDEN, | § § § § | |
| Plaintiff, | | |
| v. | § § § § | Civil Action No. 3:25-cv-0101-L |
| A.W. BROWN LEADERSHIP ACADEMY, aka IDEA A.W. BROWN, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Leave to File First Amended Complaint and Brief in Support, filed April 13, 2026 (Doc. 22) ("Motion"). Plaintiff seeks leave to amend her pleadings to add IDEA Public Schools as a Defendant. After considering the motion, pleadings, record, and applicable law, the court **grants** Plaintiff's Motion.

### I.    Background

On January 14, 2025, Plaintiff filed this civil action against her former employer, A.W. Brown Leadership Academy ("Defendant"). She asserts claims against Defendant for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"); for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and, pursuant 42 U.S.C. § 1983, for violations of her constitutionally protected rights under the First and Fourteenth Amendments. *See generally* Compl., Doc. 1.

On June 3, 2025, A.W. Brown Leadership Academy filed its Motion to Dismiss Pursuant to Rule 12(b)(5) (Doc. 9), requesting the court dismiss the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5) for lack of proper service. In addition, IDEA Public

**Memorandum Opinion and Order – Page 1**

Schools filed a Motion to Dismiss Pursuant to Rules 12(b)(4) and 12(b)(6) (Doc. 11), noting that, although it had received a summons, it was not a party to this case.

On March 13, 2026, the court granted Defendant A.W. Brown Leadership Academy's Motion but, rather than dismiss this matter, the court allowed Plaintiff until April 13, 2026, to effect service of the Complaint on A.W. Brown Leadership Academy or show good cause for her failure to do so. *See* Mem. Op. 5 (Doc. 18). In addition, the court stated that "as IDEA Public Schools is not a party to this case, the court lacks personal jurisdiction over it and, accordingly, denies as moot IDEA Public Schools' Motion to Dismiss Pursuant to Rules 12(b)(4) and 12(b)(6)." *Id.*

## II.    Plaintiff's Compliance with March 13, 2026 Order

As a threshold matter, the court must address whether Plaintiff has complied with its March 13, 2026 order allowing her until April 13, 2026, to effect service of the Complaint on A.W. Brown Leadership Academy or show good cause for her failure to do so. On April 13, 2026, in compliance with the court's directive, Plaintiff filed her response to the court's order explaining the difficulties with effecting service of process on A.W. Brown Leadership Academy and noting it "ceased operations on July 31, 2024, and surrendered its charter to the Texas Education Agency." Pl.'s Resp. 5 (Doc. 21). In her Response, she also informs the court that, to cure any technical defect with respect to serving A.W. Brown Leadership Academy, on April 10, 2026, and again on April 13, 2026, using an updated alias summons that included the correct address, she served A.W. Brown Leadership Academy through the Texas Secretary of State, "an agent for service of process on an entity when the entity fails to appoint or maintain a registered agent in Texas or when the registered agent cannot with reasonable diligence be found at the registered office." *Id.* at 10 (citations omitted). She requests that the court "[c]onfirm that Plaintiff's service efforts through

the Texas Secretary of State-including April 10, 2026, service and April 13, 2026, updated alias-summons service with the correct address, satisfy the Court's April 13, 2026 deadline or otherwise constitute good cause." *Id.* at 14.

Upon review, the court determines Plaintiff has shown good cause for her failure to effect service within 90 days after the Complaint was filed under Fed. R. Civ. P. 4(m). In addition, the record, as detailed in the court's March 13, 2026 Order, reflects that Plaintiff exercised reasonable diligence in her attempts to effect service of process on A.W. Brown Leadership Academy, and that under the unique circumstances presented, service on the Secretary of State is sufficient to satisfy the court's directive. *See* Tex. Bus. Orgs. Code § 5.251 (providing that the secretary of state is an agent of an entity for purposes of service of process, notice, or demand on a filing entity if it fails to appoint or maintain a registered agent in Texas or the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity).

### III.    Plaintiff's Motion for Leave to File First Amended Complaint

Plaintiff seeks leave to amend her pleadings. In support, Plaintiff explains that she "seeks leave to amend to add IDEA Public Schools as a defendant and to clarify the factual allegations concerning the relationship between A.W. Brown Leadership Academy and IDEA Public Schools." Mot. 1.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2), however, is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory

**Memorandum Opinion and Order – Page 3**

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

A scheduling order has not been issued in this case. Thus, deadlines for amendment of pleadings, discovery, and other case deadlines are not in effect. Plaintiff has not previously amended her pleadings. Further, the court determines that the proposed amendment is important because it adds the entity that Plaintiff alleges assumed Defendant A.W. Brown Leadership Academy's operations, assets, and ongoing school functions after it surrendered its charter and ceased operations in 2024. Given that no case deadlines are in effect, the court concludes the amendment will not unduly prejudice IDEA Public Schools. Finally, the court has no reason to believe that the amendment would be futile, as the proposed pleading alleges that IDEA Public Schools is the active entity that assumed A.W. Brown Leadership Academy's operations after it surrendered its charter. Absent naming the correct entity, this case cannot proceed beyond the pleading stage.

For these reasons, in accordance with Rule 15(a)(2)'s liberal pleading standard, the court **grants** Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 22). The court notes, however, that the proposed amended pleading attached as an exhibit to Plaintiff's Motion (*see* Doc. 22-1), has an incorrect caption that does not include IDEA Public Schools as a Defendant. To remedy this technical error, the court **directs** Plaintiff to amend the caption to include IDEA Public Schools as a Defendant and to file her First Amended Complaint and Jury Demand on or before **Thursday, April 30, 2026**.

**Memorandum Opinion and Order – Page 4**

Finally, to avoid any confusion or misunderstanding, the court **directs** Plaintiff to effect service of process of Plaintiff's First Amended Complaint and Jury Demand on IDEA Public Schools in accordance with Fed. R. Civ. P. 4.

**It is so ordered** this 23rd day of April, 2026.

Sam A. Lindsay
United States District Judge